Tyrone HOLTON, Plaintiff–Appellant,

v.

ORAL SURGEON SING SING CORR. FAC.; Fraitellone, Dr., Oral Surgeon; John Doe, Dentist, Defendant–Appellee.

Docket No. 99–0111.

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

38

38

Sonyea, NY, pro se.

Michael S. Belohlavek, Deputy Solicitor General, New York, NY, for appellee.

Present FEINBERG, OAKES and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Pro se Plaintiff–Appellant Tyrone Holton appeals from the judgment of the district court entered March 16, 1999 upon its March 12, 1999 order granting summary judgment in favor of Defendant–Appellee Fraitellone, and imposing on Holton a filing injunction and monetary sanctions.

Holton brought this case in the district court pursuant to 42 U.S.C. § 1983, alleging that Defendants had delayed, denied or interfered with his dental care in violation of the Eighth Amendment. The district court granted summary judgment on the ground, inter alia, that Dr. Fraitellone was qualifiedly immune from suit since Holton had failed to present any material fact that would support the conclusion that Dr. Fraitellone did not perform a reasonable examination in conformity with professional norms and prescribe a treatment that he thought was objectively reasonable. We review the district court's decision to grant summary judgment de novo, *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999), and affirm its decision on this ground.

■ Based on its finding that Holton was a vexatious litigant, the district court also sua sponte enjoined Holton from filing any civil action pursuant to 42 U.S.C. § 1983 in any federal district court without first obtaining prior leave from the United States District Court for the Southern District of New York, and ordered Holton to pay a monetary sanction of $5,000.

■ "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua

sponte without providing the litigant with notice and an opportunity to be heard." *MLE Realty Assoc. v. Handler*, 192 F.3d 259, 261 (2d Cir.1999). Similarly, "it is well established that due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions." *Mackler Productions, Inc. v. Cohen*, 225 F.3d 136, 141 (2d Cir.2000). The district court provided neither a notice nor a hearing with respect to either the injunction or the sanction. We therefore vacate the injunction and sanction, and remand to the district court for a hearing, after notice to Holton, on whether and to what extent a filing injunction or a sanction should be issued.

We note that the remaining defendants were dismissed from the case in an earlier memorandum opinion and order by the district court. *Holton v. Fraitellone*, No. 96–CV–1312, 1997 WL 328066, at *1 (S.D.N.Y. June 16, 1997) (Sotomayor, J.). Holton mentions these defendants in his appeal, and it is unclear whether he appeals from the district court's decision to dismiss them. To the extent that Holton did appeal the earlier order, we review the court's decision to dismiss de novo, *Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 885 (2d Cir.1990), and affirm for substantially the reasons set forth in the district court's memorandum opinion and order. *Holton*, 1997 WL 328066, at *1.

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.